A. Gum *v.* G. M. Adams & Co.

**Practice—Abatement—Exceptions to Evidence.**

Where it appears from the evidence that one who is not a party, is a partner of the plaintiff, defendant by motion and rule should have required the plaintiff to make such person a party plaintiff or dismiss his suit, but having failed to do so he waived his right.

**Exceptions to Evidence.**

Exceptions to evidence not made grounds for a new trial, pursuant to Civ. Code, § 372, will not be considered by the court of appeals.

APPEAL FROM FAYETTE CIRCUIT COURT.

March 26, 1875.

OPINION BY JUDGE PETERS:

As to the first paragraph of the answer, which seeks an abatement of the action because Hugh W. Adams was not a plaintiff, it is sufficient to say that when it appeared from the evidence that he was the partner of the plaintiff, G. M. Adams, appellant should have, by motion and rule, required G. M. Adams to make him a plaintiff or dismiss his suit; but having failed to apply for or obtain a rule to that effect, he waived his right. *Carpenter v. Miles,* 17 B. Mon. 598. Counsel for appellant seem to be laboring under some mistake as to the evidence of Hugh W. Adams. The witness proves that he saw the original entry made on the books of the firm, by which Green was credited by the $95, and proved he had some knowledge of the transaction, and that the credit was afterwards, by mistake, given to appellant. The evidence was, therefore, competent.

The letter of McGuire and the testimony of Pilcher were competent to contradict the statements of McGuire, who was the principal witness relied on to prove payment of the debt sued for, if for no other purpose. Besides, the exceptions to the evidence are not made a ground for a new trial, and under Sec. 372, Civil Code, on account of that omission this court cannot consider that objection.

Perceiving no error in the proceedings in the court below prejudicial to appellant, the judgment is *affirmed.*

*Morton & Parker, for appellant.*
*Huston & Billingsley, for appellee.*